ENFIELD *v.* COLBURN.

A person against whom a false and fraudulent claim is made cannot recover of the claimant the expense which he incurs in investigating and detecting the attempted fraud.

CASE. The declaration alleged that the defendant falsely and fraudulently made a claim upon the town for damages to his horse while travelling on a highway in said town, and falsely stated to

the officers of the town that his horse had been injured through the insufficiency of the highway, and falsely swore to an affidavit stating the particulars of said injury, which he filed with the town-clerk of said town, "and said town, relying upon said false and fraudulent representations, so made by said defendant, incurred large expense in investigating the facts represented by said defendant, and found said representations to be false, and that said defendant's horse was not injured through the insufficiency of the highway in said town as said defendant well knew." The defendant demurred.

*Spring & Spring*, for the plaintiffs.

*C. A. Dole*, for the defendant.

CARPENTER, J.   A mere naked lie—a falsehood—though told with intent to deceive, upon which nobody acts, and by which nobody is deceived, is not actionable.   The declaration alleges, in substance, that the defendant falsely and fraudulently represented that he had a valid claim against the plaintiffs for damages, that the plaintiffs relied upon the representations, and that they investigated them at a large expense and found them to be false.   One or the other of the last two allegations is as untruthful as the representations are claimed to be: both cannot be true.   If the plaintiffs relied upon the representations, they did not investigate them: if they investigated them, they did not rely upon them.   It is a perversion of language to say that they did both.   The averments are incurably repugnant, and neither of them can be rejected as surplusage.

If the inquiry had resulted in favor of, instead of against, the validity of the defendant's claim, and if, relying upon the result of the examination and not upon the representations, the plaintiffs had paid the demand, they could maintain no action, however unfounded the claim and however false and fraudulent the defendant's representations might be.   He only who has trusted in and acted upon a falsehood to his injury can maintain an action.   It is upon this principle that no action lies for false representations of facts which are equally open to the observation and knowledge of both parties.

If this declaration can be sustained, a plaintiff who makes and institutes a suit upon a false and fraudulent claim, and is beaten, must not only satisfy the judgment against him for costs, but is also liable to an action on the case; and, generally, one may recover the cost of detecting and defeating any fraud which may be attempted upon him.   There is no precedent for such an action. It is always at a party's option to act upon the faith of statements made to him, or upon his own judgment of the facts after making full inquiry.   If, where he does the latter and makes a mistake, another is not answerable for his blunder whatever pains he may have taken to lead him into it, still less should he be punished if

by reason of the injury no mistake is committed. It is the damages which result from acting upon false representations as if they were true, and not the expense of detecting their falsity, which a plaintiff is entitled to recover.

*Demurrer sustained.*

STANLEY, J., did not sit: the others concurred.